UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NIHEIM MARTIN,

Plaintiff,

Case No. 5:26-cv-1219 (ECC/MJK)

-against-

CITY OF SYRACUSE, COUNTY OF ONONDAGA, DETECTIVE JEFFREY BLAUVELT, DETECTIVE LINDSAY MCCORMACK, DETECTIVE JACOB BREEN, DETECTIVE PAUL MONTALTO, DETECTIVE JOSEPH HEIDER, DETECTIVE THOMAS LUND, CRIME ANALYST SARAH PIERCE, AND SYRACUSE POLICE DEPARTMENTOFFICERS AND DETECTIVES JOHN/JANE DOE #1-10 (names and numbers of whom are unknown at present),

Defendants.

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO CITY DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………..iii

PRELIMINARY STATEMENT…………………………………………………….……….1

ARGUMENT……………………………………………………………………….……..1

I. Plaintiff Concedes Dismissal of New York State Constitutional Claim Against Individually Named Defendants……………………………………………………1

II. Plaintiff Confuses the Narrow Exception Against State Constitutional Claims for the Rule……………………………………………………………………………2

III. Plaintiff's Request to Amend Must be Denied as Futile………………………………4

CONCLUSION……………………………………………………………………….....5

## TABLE OF AUTHORITIES

**Cases**

*Alwan v. City of New York*, 311 F.Supp. 3d 570 (E.D.N.Y. 2018)…………………..……………..4

*Art and Antique Dealers League of America, Inc. v. Seggos*, 121 F.4th 423 (2d Cir. 2024)……….1

*Bensch v. Est. of Umar*, 2 F.4th 70 (2d Cir. 2021)…………………………………………………4

*Biswas v. City of New York*, 973 F. Supp.2d 504, 522 (S.D.N.Y. 2013)…………………………..2

*Brown v. State*, 89 N.Y.2d 172 (1996)…………………………………………………..………2

*Colbert v. Rio Tinto PLC*, 824 F. App'x 5 (2d Cir. 2020)..............................................................2

*De Ratafia v. County of Columbia* 1:13-CV-174 NAM/RFT, 2013 WL 5423871 (N.D.N.Y. Sept. 26, 2013)………………………………………………………………..……...……….2

*Helwing v. City of New York*, 18-CV-3764, 2021 WL 781794 (E.D.N.Y. Mar. 1, 2021)………….2

*Martinez v. City of Schenectady*, 97 N.Y.2d 78 (2001)……..……………………………………..3

*MSP Recover Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023)……..……4

*Nason v. Franklin County*, 9:25-cv-435 (ECC/CBF), 2026 WL 759440 (N.D.N.Y. March 18, 2026)……………………………………………………………………………………..4

*Wagner v. Hyra*, 518 F. Supp. 3d 613, 624 (N.D.N.Y. 2021)……………………………………..2

**Constitutional Provisions**

N.Y. Const. Art. 1 §6………………………………………………………………….passim

## PRELIMINARY STATEMENT

Plaintiff's thirteenth claim alleging violation of Article 1 Section 6 of the New York State Constitution by Defendant City of Syracuse (hereinafter "Defendant City") and Defendants Detective Jeffrey Blauvelt, Detective Lindsay McCormack, Detective Jacob Breen, Detective Paul Montalto, Detective Joseph Heider, and Detective Thomas Lund (hereinafter "Individual Defendants") must be dismissed. Plaintiff's opposition paperwork states no reason why the claim against the individual defendants should not be dismissed. As such, Plaintiff concedes the dismissal of the claim against the individual defendants. Plaintiff's attempt to oppose the dismissal against Defendant City is not persuasive as Plaintiff is not remediless in addressing the alleged bad acts of Defendants through means other than a state constitutional claim. As such, there need not be an exception to the general rule that no claims exist under the state constitution. As such, the thirteen claim in the petition must be dismissed against all City Defendants.

## ARGUMENT

### I. Plaintiff Concedes Dismissal of New York State Constitutional Claim Against Individually Named Defendants

Plaintiff makes no argument against dismissal as to the Individual Defendants regarding the state constitutional claim. As there is no dispute as to the dismissal of the Individual Defendants, Plaintiff concedes the dismissal for those defendants. "A party's concession of an issue of law on which the adversary bears the burden may eliminate the issue from the case by relieving the adversary of its burden." *Art and Antique Dealers League of America, Inc. v. Seggos*, 121 F.4th 423, 439 (2d Cir. 2024). Where a defendant moves for dismissal pursuant to Fed. R. Civ. P. Rule 12(b)(6), a plaintiff's failure to respond to those "contentions raised in a motion to dismiss

claim constitutes an abandonment of those claims," and should result in dismissal with prejudice. *Helwing v. City of New York*, 18-CV-3764, 2021 WL 781794, at *4 (E.D.N.Y. Mar. 1, 2021) (quoting cases); see, e.g., *Wagner v. Hyra*, 518 F. Supp. 3d 613, 624 (N.D.N.Y. 2021) ("a review of the substance of plaintiff's counseled opposition brief supports the conclusion that he has abandoned that claim as well… Accordingly, all of those claims will be dismissed ) (citing *Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11 (2d Cir. 2020) ("As a general matter, district courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage.")).

As Plaintiff has failed to refute Defendants' motion to dismiss as to the state constitutional claims against the Individual Defendants, he has abandoned those claims and conceded to their dismissal as to Detective Jeffrey Blauvelt, Detective Lindsay McCormack, Detective Jacob Breen, Detective Paul Montalto, Detective Joseph Heider, and Detective Thomas Lund.

## II. Plaintiff Confuses the Narrow Exception Against State Constitutional Claims for the Rule

"No explicit constitutional or statutory authority sanctions a private right of action for violations of the New York State Constitution." *De Ratafia v. County of Columbia* 1:13-CV-174 NAM/RFT, 2013 WL 5423871, at *15 (N.D.N.Y. Sept. 26, 2013)(citations omitted). While the Court of Appeals in *Brown v. State*, 89 N.Y.2d 172 (1996), "recogniz[ed] a *narrow* remedy for violations of sections 11 and 12 of Article I of the State Constitution," *id*. At 192 (emphasis added), such a "'narrow remedy' [is] available only when 'necessary to effectuate the purposes of the State constitutional protections [that the] plaintiff invokes' or 'appropriate to ensure full realization of [the plaintiff's] rights.'" *Biswas v. City of New York*, 973 F. Supp.2d 504, 522 (S.D.N.Y. 2013) (citing *Brown v. State*, 89 N.Y.2d 172 (1996)) (other citation omitted).

As plaintiff rightly points out, Defendant City only filed the motion on one of the ten claims asserted against Defendant City. The facts of the case[1], as set forth by Plaintiff, are relatively simple. Essentially, Plaintiff states that employees of the City of Syracuse investigated and charged Plaintiff with a crime that he alleges that he did not commit. He was twice indicted for this crime and he served 15 months incarcerated total before the charges were ultimately dismissed by the criminal courts. They are not particularly confusing, nor are they unusual.

Comparably, the facts in the *Brown* case are much more unusual. "In *Brown*, State and local law enforcement officials investigating a reported knifepoint attack allegedly engaged in racially motivated interrogations, citywide, of nonwhite males in violation of their State constitutional rights; none of the plaintiffs was charged with a crime." *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 83 (2001). There police rounded up all African American men in town based on a vague description by a sexual assault victim, but as there was no criminal proceeding, the Court there found no cognizable theory by which the Plaintiff could recover and, thereby, had to award damages under the state constitution in order to both ensure against further violations and to make plaintiff whole. *Id*.

Here, by Plaintiff's own pleading, should he successfully prove the facts alleged, there are numerous other statutorily based mechanisms by which Plaintiff may recover pursuant to the U.S. Constitution and New York Common Law- of which he has pleaded. As such, there is no need to violate the rule against pursuing damages claims under the New York Constitution. Here, the narrow remedy is not available as it is not necessary to effectuate the purpose of the State

[1] Defendant City contests the facts of the case in significant matter, as relevant here that Plaintiff was exonerated by the Court and that the incarceration was due to the charges themselves and not due to a probation violation that Plaintiff has since admitted guilt to and is currently incarcerated for, however, given the procedural posture of the Rule 12(b)(6) motion to accept as true all statement of fact alleged in the complaint, this is presumed true at this juncture albeit to be contested moving forward.

constitutional protections, nor is it appropriate to ensure full realization of the plaintiff's rights. Where there is an "adequate alternative remedy" there is no need for a state constitutional claim. *Alwan v. City of New York*, 311 F.Supp. 3d 570, 588 (E.D.N.Y. 2018). The standard is not exact or precise, but adequate.

Plaintiff's sole contention is that the theory of *respondeat superior* is not available under Section 1983, however, as a practical matter, should the Court find Individual Defendants violated Plaintiff's due process rights under the Federal Constitution during the course of their employment with the City of Syracuse, the City of Syracuse would indemnify them purusnat to Syracuse Local Law Sections 12-162 and 12-163[2]. As such, Plaintiff, if able to prove due process violations, would recuperate from the City of Syracuse without need for the state constitutional claim. As there is a means to ensure realization of Plaintiff's rights without the need to pursue the claim under the New York State Constitution, there is no need to utilize the narrow exception. Here, given the other claims made, there is an adequate alternative remedy and as such, the state constitutional claim must be dismissed.

### III. Plaintiff's Request to Amend Must be Denied as Futile

"A court should 'freely give leave when justice so requires, but it may, in its discretion, deny leave to amend 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Nason v. Franklin County*, 9:25-cv-435 (ECC/CBF), 2026 WL 759440 *9 (N.D.N.Y. March 18, 2026) citing *MSP Recover Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023)(quoting *Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021)). Here, amending the complaint would be futile as Plaintiff offers no additional facts nor theories of the

[2] These sections are available online at: https://library.municode.com/ny/syracuse/codes/code_of_ordinances?nodeId=PTLLOLA_CH12OFEM_ARTVDEIN

case that would cure any of the defects noted above. As leave to replead would not render any claim viable, it must not be granted.

**CONCLUSION**

As such, Plaintiff's claim for relief under the N.Y. Constitution, his thirteenth claim in his Complaint, must be dismissed as it is not cognizable. Wherefore, City Defendants respectfully request this Court dismiss this claim, not allow Plaintiff to amend the complaint, and such other and further relief as the Court deems just.

Dated: September 8, 2026

Respectfully Submitted,

Susan R. Katzoff, Esq.
Corporation Counsel
300 City Hall
Syracuse, New Yok 13202

/s/ Erin M. Welch Fair
Erin M. Welch Fair
Attorney for City Defendants