UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NIHEIM MARTIN,

Plaintiff,

v.

CITY OF SYRACUSE, COUNTY OF ONONDAGA, DETECTIVE JEFFREY BLAUVELT, DETECTIVE LINDSAY MCCORMACK, DETECTIVE JACOB BREEN, DETECTIVE PAUL MONTALTO, DETECTIVE JOSEPH HEIDER, DETECTIVE THOMAS LUND, CRIME ANALYST SARAH PIERCE, AND SYRACUSE POLICE DEPARTMENT OFFICERS AND DETECTIVES JOHN/JANE DOE #1-10 (names and numbers of whom are unknown at present),

Defendants.

Civil Action No.:
5:26-cv-1219 (ECC/MJK)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ONONDAGA COUNTY'S MOTION TO DISMISS**

**HANCOCK ESTABROOK, LLP**
John G. Powers, Esq. (No. 508934)
Mary L. D'Agostino, Esq. (No. 520301)
Amanda C. Nardozza, Esq. (No. 704370)
100 Madison Street, Suite 1800
Syracuse, New York 13202
(315) 565-4500 (Office)

**ONONDAGA COUNTY DEPARTMENT OF LAW**
John A. Sickinger, Esq. (No. 513595)
John H. Mulroy Civic Center
10th Floor 421 Montgomery Street
Syracuse, New York 13202
(315) 435-2170 (Office)

*Attorneys for Onondaga County*

## PRELIMINARY STATEMENT

The County showed straightforward reasons why (despite the obvious prolixity of the pleading) the two causes of action asserted against it failed to plausibly state a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and should be dismissed. The eleventh claim challenges the District Attorney's decision to seek a second indictment, which is a prosecutorial act undertaken on behalf of the State, not the County. The tenth claim alleges failures to supervise, review, discipline, and train, but pleads neither a pattern of similar constitutional violations nor facts plausibly establishing deliberate indifference and causation.

Plaintiff's opposition does little more than muddy the water. Indeed, Plaintiff's arguments are sufficiently convoluted such that discerning the precise theories he presses is unnecessarily difficult. The County respectfully submits that this difficulty underscores why litigants must comply with Rule 8's requirement that a pleading contain "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).

For the reasons set forth below, as well as those in the County's opening papers, the Complaint must be dismissed. To the extent it is dismissed without prejudice against the County, and Plaintiff is permitted leave to replead, he should specifically be directed to comply with Rule 8 and omit material that is more appropriately included in a legal brief (rather than a pleading).

### I. Plaintiff has failed to plausibly allege a municipal liability claim against the County, and the tenth and eleventh causes of action must be dismissed.

*A. Plaintiff's eleventh cause of action fails because the decision to seek a second indictment is a prosecutorial act on behalf of the State (not the County).*

The County argued that the eleventh cause of action fails because any decision to pursue a second indictment is an action by the State, not the County. See Dkt. No. 17-1 at Point I(A)

(citing, *inter alia*, *Anilao v. Spota*, 27 F.4th 855, 874 (2d Cir. 2022), and *Baez v. Hennessy*, 853 F.2d 73 (2d Cir. 1988)). The opposition is generally difficult to follow, but Plaintiff seems to concede the central point and acknowledges he is asking this Court to change the law. See, *e.g.*, Dkt. No. 20, p. 24 of 27 ("Plaintiff acknowledges that *Baez* and *Anilao* bind this Court."). That position alone should give the Court some pause.

Giving Plaintiff the benefit of his best possible argument, he appears to be arguing that the "single decision" theory recognized in *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), will save the eleventh claim. But, as set forth in *Baez*, because a prosecutor represents the State of New York when prosecuting a criminal matter, Onondaga County "has *no right* to establish a policy concerning how [a district attorney] should prosecute violations of State penal laws." *Baez*, 853 F.2d at 77 (emphasis added). Indeed, Plaintiff acknowledges the "substantial limit imposed by *Baez*," Dkt. No. 20, p. 23 of 27, but does little to explain how the eleventh cause of action should still survive (at least in a discernible way).

While Plaintiff "submits that an elected prosecutor can act in two capacities in the same sequence: (1) selecting a charge for the State and (2) deciding how the County office will evaluate and supervise renewed presentations[,]" that position is offered without citation to any authority. Indeed, *Baez* does not permit a court to sever a single act into a State component and a County component. The decision to seek a second indictment following a prior dismissal was the precise act at issue in *Baez*, and the Second Circuit held the whole of it attributable to the State. 853 F.2d at 76–77. Plaintiff's "two capacities" argument merely restates, in different words, a theory foreclosed by *Baez*.

Finally, Plaintiff's apparent desire to preserve an argument for appellate review does not supply a plausible claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007). This Court must apply binding precedent. Because the act challenged in the eleventh cause of action is attributable to the State as a matter of law, amendment against the County would be futile and the claim should be dismissed with prejudice.

For these reasons, and those set forth in the County's opening memorandum, the eleventh cause of action must be dismissed with prejudice.

*B. Plaintiff's tenth cause of action still fails because the complaint does not plausibly allege deliberate indifference.*

In moving to dismiss, the County argued that Plaintiff failed to plausibly allege deliberate indifference, which is fatal to his *Monell* claim. *See* Dkt. No. 17-1 at Point I(B). Plaintiff responds that a prior pattern is not required because he has alleged "actual notice" in the form of Fitzpatrick's alleged review of additional evidence prior to the procurement of second indictment, relying heaving on *Pembaur* and *Amnesty America v. Town of West Hartford*, 361 F.3d 113 (2d Cir. 2004). Plaintiff's position is without merit.

At the outset, Plaintiff identifies the first April 2024 dismissal, and Fitzpatrick's alleged subsequent review of the evidence, as "actual notice." But as Plaintiff pleads, the first dismissal was based on the determination that the evidence was legally insufficient.[1] The County Court did *not* find that any prosecutor fabricated evidence, suppressed evidence, acted without probable cause, or otherwise violated Plaintiff's constitutional rights. An evidentiary deficiency is not the same as notice that a County practice was allegedly causing constitutional violations.

Plaintiff argues that *Amnesty America* stands for the proposition that a "single instance of deliberate indifference" by a policymaker supports municipal liability. Dkt. No. 20 at pp. 9–14. But, that quotation cannot be divorced from the facts before the Second Circuit. *Amnesty America* involved allegations that the that the police chief was physically present during

[1] Indeed, Plaintiff acknowledges that the first dismissal also expressly permitted re-presentation. *See* Dkt. No. 1 [Compl.] ¶ 8 ("The Court granted the People leave to re-present the matter to another grand jury….").

demonstrations, observed officers using excessive force, *and* failed to stop the ongoing conduct. 361 F.3d at 127–29. It was in that context that the Second Circuit stated that "a single instance of deliberate indifference ***to subordinates' actions*** can provide a basis for municipal liability." *Id.* at 127 (emphasis added). The allegations here are materially different insofar as it is *not* alleged that District Attorney Fitzpatrick witnessed subordinates committing obvious constitutional violations and failed to intervene. It alleges that he personally reviewed the evidence and authorized a renewed grand-jury presentation after the County Court dismissed the first indictment for legal insufficiency. *See* Dkt. No. 1 [Compl.], ¶¶ 23, 63, 75–80. Again, legal insufficiency is not the same as a recurring constitutional violations.

Plaintiff's arguments regarding failure-to-train under *Connick v. Thompson*, 563 U.S. 51 (2011) fares no better. *Connick* specifically requires a plaintiff alleging deficient prosecutor training to plausibly show notice that, absent additional specified training, constitutional violations were a highly predictable consequence. *See id* at 71. *Jimenez v. City of New York*, No. 25-776-CV, 2026 WL 2617389 (2d Cir. Sept. 4, 2026) recently reaffirmed that point, explaining that *Connick* requires more than a generalized need for better prosecutor training and, in that context, looks to a "'prior pattern of similar violations.'" *Id.* at *19 (quoting *Connick*, 563 U.S. at 59). Plaintiff's own prosecution cannot, without more, plausibly establish that notice.

Finally, because Plaintiff is relying on his own prosecution, his supervision and discipline theories fare no better. Before the second indictment, there had been no finding that any prosecutor fabricated evidence, suppressed evidence, or otherwise violated Plaintiff's constitutional rights. And any alleged failure to discipline after the second dismissal necessarily postdated the alleged injury and could not have caused it. *See Connick*, 563 U.S. at 63 n.7

("contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide" notice).

For these reasons, and those set forth in the County's opening memorandum, the tenth cause of action must be dismissed with prejudice.

### II. Plaintiff misunderstands the County's Rule 8 argument and his request to amend is not otherwise properly before the Court.

The County initially argued that the pleading did not comply with Rule 8 and requested that *if permitted to amend*, Plaintiff should be specifically required to comply with Rule 8. *See* Dkt. No. 17-1 at Point II. In opposition, Plaintiff concedes that the "legal discussion could be shortened," but argues that his method of pleading "does not prevent the County from identifying and answering the asserted grounds for liability" and that leave to amend should be granted. *See* Dkt. No. 20 at Points VI, V. Plaintiff's opposition confuses two distinct points.

First, Plaintiff's request for leave to amend under Rule 15(a)(2) is not properly before the Court.[2] Local Rule 15.1(a) requires a party moving to amend to attach a complete, proposed amended pleading *and* to specifically identify the proposed insertions and deletions. *See* N.D.N.Y. L.R. 15.1(a). Plaintiff has not done so. *See Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) ("But a court need not always allow a party to replead simply because it asked. In particular, denial of leave to amend is proper "where the request gives no clue as to how the complaint's defects would be cured."). As a result, Plaintiff's request must be denied on this ground alone. *See* On this ground alone, the Court would be justified in denying leave to amend. *See, e.g.*, *Mills v. Soares, et al*, No. 1:25-CV-734 (MAD/PJE), 2026 WL 2594226, at *19 (N.D.N.Y. Sept. 2, 2026) ("On this ground alone, the Court would be justified in denying the motion to amend.").

[2] In fact, Plaintiff could have amended the pleading as a matter of right under Rule 15(a)(1)(B).

Second, to the extent Plaintiff contends that the County has misunderstood the claims or theories of liability asserted against it, that only underscores the County's Rule 8 argument. Rule 8 requires a "short and plain statement" of the claim and directs that allegations be "*simple, concise, and direct*." Fed. R. Civ. P. 8(a)(2), (d)(1) (emphasis added); *see Eustache v. Discover Fin. Servs.*, No. 1:26-CV-1430 (MAD/MJK), 2026 WL 2654215, at *2 (N.D.N.Y. Sept. 8, 2026) ("Allegations 'so vague as to fail to give the defendants adequate notice of the claims against them' are subject to dismissal."). Accordingly, if any claim against the County is dismissed *without prejudice* and Plaintiff repleads, the County respectfully requests that Plaintiff be specifically directed to comply with Rule 8 by clearly stating the claims and theories asserted against the County without unnecessary legal argument or other material more appropriately presented in a memorandum of law.

## CONCLUSION

For the foregoing reasons, and those stated in the opening memorandum, Defendant Onondaga County respectfully requests that the Court dismiss Plaintiff's Tenth and Eleventh Claims with prejudice and grant such other and further relief as the Court deems just and proper.

Dated: September 16, 2026

**HANCOCK ESTABROOK, LLP**

By: ______________________
John G. Powers, Esq. (No. 508934)
Mary L. D'Agostino, Esq. (No. 520301)
Amanda C. Nardozza, Esq. (No. 704370)
100 Madison Street, Suite 1800
Syracuse, New York 13202
(315) 565-4500 (Office)

**ONONDAGA COUNTY DEPARTMENT OF LAW**

John A. Sickinger, Esq. (No. 513595)
John H. Mulroy Civic Center

10th Floor 421 Montgomery Street
Syracuse, New York 13202
(315) 435-2170 (Office)

*Attorneys for the County Defendants*